ORIGINAL 067528

FILED
JAN 2 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNEY ORTHOPEDIC, LLC,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES<br>Defendants | ) ) ) ) ) ) ) ) | No. 08 - 3 C |

## COMPLAINT

Plaintiffs, Kenney Orthopedic, LLC, for its Complaint against the Defendant, the United States, states as follows:

## NATURE OF THE ACTION

1. Kenney Orthopedic, LLC is a government contractor providing prosthetic and orthotic devices and services to the United States Government and to its veterans.

2. This Court has jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq.* and the Tucker Act, 28 U.S.C. § 1491 *et seq.*

3. This action involves prosthetic and orthotic services provided to the United States Department of Veterans Affairs ("VA") by Kenney Orthopedic pursuant to Contract No.V249-P-0011 ((the "Contract"), dated August 15, 2006. A true and correct copy of the Contract is attached hereto as Exhibit A.

4. On December 19, 2006, the VA, erroneously provided notice to Kenney that Kenney was "not complying with the terms and conditions of the contract," and demanded that Kenney provide a plan "which will specify ... actions for correcting these deficiencies immediately." Exhibit "B."

5. On December 21, 2006, the VA requested an amendment to the Contract. Exhibit "C."

6. On December 22, 2006, counsel for Kenney Orthopedic responded to the VA's notice by asking for further information and documentation in support of the

allegations and advising the VA that it was" unable to locate any instances where it has not been in compliance with the terms and conditions of the contract for Standards of Performance." Exhibit "D."

7. By letter dated January 8, 2007, the VA responded with certain specifics and stated that Kenney had provided a prosthesis prior to receipt of a prescription and had provided a patient with more socks than prescribed. The VA further demanded that Kenney Orthopedic provide a "plan for correcting these problems." Exhibit "E."

8. On January 22, 2007, counsel for Kenney Orthopedic responded to the allegations with a detailed explanation of the events and provided a detailed time-line that refuted the position asserted by the VA by explaining that the fittings had taken place but that no prosthesis had been delivered until after the prescription had been received.. In addition, Kenney Orthopedic acknowledged that it had provided the usual and customary number of socks (12) rather than the number actually prescribed (6). Kenney assured the VA that he would not seek compensation for these additional socks and had already "undertaken to assure that the number of socks requested in the future are verified prior seeking payment for same." Exhibit "F."

9. On February 27, 2007, the VA sent another letter to Kenney Orthopedic, this time refusing payment for a prosthetic socket and accusing Kenney of "negligence in providing an appropriately fitting prosthesis ... on November 3, 2006" and accusing Kenney of "alter[ing] prescriptions without having prior approval and written authority." Exhibit "G."

10. On February 28, the VA forwarded to Kenney Orthopedic a modification of the Prescription Policy for Prosthesis. "Exhibit "H."

11. On March 9, 2007, counsel for Kenney Orthopedic conferred by telephone with Betty Benmark of the VA, regarding the lack of any response to his January 22, 2007 letter, and expressing concern over the allegations of negligence in the VA's February 27, 2007 letter – specifically since the VA had mis-stated the procedure by claiming that it was for a replacement "prosthesis" when the actual prescription was merely for a replacement socket.

12. The contents of this conversation were reiterated in a letter from counsel for Kenney Orthopedic to the VA dated March 13, 2007. Exhibit "I."

13. On the following day, March 14, 2007, counsel for Kenney Orthopedic again communicated with Ms. Benmark at the VA because of concern over additional socket replacement requests and prosthesis prescriptions and the VA's refusal to make payment to Kenney Orthopedic. Exhibit "J"

14. On March 30, 2007, Ms. Benmark of the VA responded to the concerns raised in the letters of March 13 and March 14, 2007. Exhibit "K."

15. On April 19, 2007, the VA demanded that Kenney Orthopedic comply with the VA's unilateral amendment to the Contract (Exhibit C) regarding a consolidated Patient Satisfaction Survey report. Exhibit "L."

16. On April 19, 2007, Kenney Orthopedic responded by advising the VA that the Contract could not be modified without written agreement of both parties. Exhibit "M."

17. On April 23, 2007, counsel for Kenney Orthopedic responded to the VA's demand for the Patient Satisfaction Survey by requesting a copy of the signed amendment and advising that the terms of the Contract require both parties to agree to modification. Exhibit "N."

18. On April 23, 2007, counsel for Kenney Orthopedic responded to the contents of the letter from Ms. Benmark (Exhibit K), addressing each of the erroneous conclusions stated by Ms. Benmark. Exhibit "O."

19. On July 2, 2007, the VA provided notice to Kenney Orthopedic of its intent to extend the Contract. Exhibit "P."

20. On July 18, 2007, counsel for Kenney Orthopedic again communicated with Ms. Benmark at the VA and demanded that the VA retract its statements about negligence by Kenney Orthopedic since the nothing in the documentation supported the allegation and the VA's version of events was contradicted by a sworn statement provided by the subject patient. Exhibit "Q."

21. On August 29, 2007, the VA responded by stating that "the Government considers your failure to comply with the ordering requirement required in your contract a condition that is endangering performance of the contract." In addition, the VA warned Kenney Orthopedic that failure to cure the condition within 10 days could result in termination for default. The VA further accused Kenney Orthopedic of "blatant and willful violation of the contract terms" and failing to obtain a purchase order – although no specifics of the alleged violation were provided. The VA also accused Kenney Orthopedic of "plac[ing] our veterans at high risk." Exhibit "R."

22. On September 17, 2007, counsel for Kenney Orthopedic again responded to the allegations and accusations, expressing grave concern over the defamatory statements being made by the VA about Kenney Orthopedic and demanding that an independent

party, knowledgeable in prosthetic procedures, review the actions taken because it had become evident that the VA personnel handling this matter did not have an understanding of the fine distinctions in terminology and methodology. Exhibit "S."

23. Notwithstanding the multiple previous letters, and specifically the letter of September 17, 2007, the VA advised Kenney Orthopedic on September 18,2007, that Kenney had "failed to respond to my request for a signed statement attesting to your commitment to comply with the terms and conditions of the contract." Exhibit "T."

24. On September 24, 2007, counsel for Kenney Orthopedic again responded to the VA's allegations with a demand that this matter be reviewed by an independent party because the allegations were baseless and defamatory. Exhibit "U."

25. On October 4, 2007, counsel for Kenney Orthopedic communicated with the VA regarding the growing concerns over the VA's improper efforts to interfere with the proper course of treatment of VA patients. Exhibit "V."

26. On October 23, 2007, despite the litany of correspondence referenced above, including specifically the letters dated September 17 and September 24, 2007. the Contracting Officer of the VA improperly terminated Contract No. VA249-P-0011,"for cause in its entirety" and incorrectly stated that "Kenney Orthopedic, LLC has not responded to the cure notice issued on September 18, 2007." Exhibit "W."

27. On November 3, 2007, counsel for Kenney Orthopedic attempted to resolve this matter without need for litigation by pointing out to the VA that Kenney Orthopedic had, in fact, responded on multiple occasions. That letter has been ignored. Exhibit "X."

**COUNT I: <u>Breach of Contract</u>**

28. Kenney Orthopedic incorporates by reference the allegations contained in paragraphs 1 through 27 above as fully as if said allegations were set forth herein verbatim.

29. Kenney Orthopedic entered into a contractual relationship with the VA under the Contract attached hereto as Exhibit A.

30. Kenney Orthopedic has fulfilled all of its contractual obligations and has provided prosthetic services to the VA-administered medical centers, as contracted.

31. Under plain language of the Contract, Kenney Orthopedic is entitled to bill VA according to the services provided and for damages resulting from the VA's improper breach of the Contract.

32. VA has breached its contractual obligation by rejecting Kenney Orthopedic's bills calculated according to the Contract for services rendered.

33. VA has impermissibly required the adherence to an amendment to the Contract that it unilaterally imposed without consent and in contravention of the express terms of Part II-Contract Terms and Conditions, Section C of the Contract.

34. Accordingly, Kenney Orthopedic is entitled to additional compensation, plus interest.

35. All conditions precedent to the relief sought in this count of the Complaint have occurred, have been met, or have been waived.

**COUNT II: Tortious Interference with a Prospective Advantage**

36. Kenney Orthopedic incorporates by reference the allegations contained in paragraphs 1 through 35 above as fully as if said allegations were set forth herein verbatim.

37. As a direct result of the VA's actions herein, Kenney Orthopedic' business efforts have been damaged by and through the VA's interference with Plaintiff's ability to obtain future contracts until such time as the VA's false allegations and intentional interference with Plaintiff's ability to perform under the terms and conditions of the underlying contract are resolved.

38. As a result of Plaintiff's inability to secure contracts and conduct regular business with VA patients, as well as the interference with additional patients and potential patients by and through the blatantly false allegations regarding Plaintiff, Plaintiff has incurred substantial damages, lost business, damage to reputation, good will, and value of the going business.

39. As a result of Plaintiff's numerous inquiries to the VA regarding the concerns regarding the false allegations regarding Plaintiff and its ongoing care of VA patients, and the VA's efforts to utilize its leverage to damage Plaintiff's business ventures, the VA knew or had reason to know that Plaintiff would be damaged if the VA pursued the inappropriate actions that have been taken by the VA herein.

40. The VA's conduct, as set forth above, constitutes tortious interference with the Plaintiff's prospective and contractual advantages with prospective, current, and prior patients.

41. As a proximate result of Defendant's actions, Plaintiff has suffered and will

continue to suffer substantial financial harm that it would not otherwise have suffered absent the VA's malicious conduct.

42. As a result of Defendant's tortious interference, Plaintiff is entitled to recover all damages sustained as a result, including actual, compensatory, and punitive damages in an amount in excess of the minimum amount necessary for this Court to have jurisdiction of the within action, plus all Court costs and reasonable attorneys' fees incurred herein.

**COUNT III: <u>Tortious Interference with a Contractual Advantage</u>**

43. Kenney Orthopedic incorporates by reference the allegations contained in paragraphs 1 through 42 above as fully as if said allegations were set forth herein verbatim.

44. Kenney Orthopedic had a valid business relationship with its former patients that arose directly from the VA Contract.

45. The Defendant had full knowledge of Kenney Orthopedic' business relationships with these former patients as a direct result of the VA Contract.

46. The Defendant knowingly and intentionally made false statements about Kenney Orthopedic in a concerted effort to interfere with Kenney Orthopedic' business relationships with the improper motive of damaging or destroying Kenney Orthopedic' contractual relations with those former patients.

47. As a proximate result of Defendant's actions, Kenney Orthopedic has suffered and will continue to suffer substantial financial harm that it would not otherwise have suffered absent Defendant's intentional interference with Kenney Orthopedic' contractual relations.

48. As a result of Defendant's actions, Kenney Orthopedic is entitled to recover all damages sustained as a result, including actual, compensatory, and punitive damages.

**COUNT IV: <u>Intentional Infliction of Emotional Distress</u>**

49. Kenney Orthopedic incorporates by reference the allegations contained in paragraphs 1 through 48 above as fully as if said allegations were set forth herein verbatim.

50. By making false statements to Kenney's former customers and referral sources, Defendant intentionally and maliciously published false information designed to

cause the owner of Kenney Orthopedic, John M. Kenney, substantial harm.

51. Defendant knew, or should have known, that the false, malicious statements published about John M. Kenney and Kenney Orthopedic would cause extreme emotional distress.

52. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer substantial financial harm that they would not otherwise have suffered absent Defendant's improper actions.

53. As a result of Defendant's malicious and false publications, Plaintiff is entitled to recover all damages sustained as a result, including actual, compensatory, and punitive damages.

**WHEREFORE**, Kenney Orthopedic demands judgment in its favor and against the Defendant as follows:

(a) That Kenney Orthopedic be awarded damages for VA's breach of contract in an amount to be determined upon the trial of this matter, but in no event less than $500,000 plus interest, costs, attorneys' fees, and other related damages;

(b) Judgment against the above-named Defendant for actual damages, with interest thereon;

(c) Judgment against the above-named Defendant for general, compensatory and punitive damages as applicable;

(d) That Plaintiff be awarded fees and costs;

(e) That this Court grant such other and further relief to Plaintiff as is just and proper.

MORRIS & MORRIS, P.S.C.

By: ______________________
James M. Morris
217 North Upper Street
P. O. Box 394
Lexington, Kentucky 40588-0394
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
ATTORNEYS FOR PLAINTIFFS

M:\EMPLOY\KENNEY\Complaint.VA.wpd