IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNEY ORTHOPEDIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 08-0003C<br>(Judge Francis M. Allegra) |

DEFENDANT'S PARTIAL MOTION
TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss for lack of subject matter jurisdiction Kenney Orthopedic, LLC's, ("Kenney Orthopedic") claim for punitive damages, and Counts II, III, and IV of its complaint. In support of this motion, we rely upon the complaint and the following brief.[1]

ISSUE PRESENTED

Whether this court possesses jurisdiction under the Tucker Act, 28 U.S.C. §§ 1491 et seq., to entertain plaintiff's tort claims and claim for punitive damages.

STATEMENT OF THE CASE

I. Nature Of The Case

This case involves a contract under which Kenney Orthopedic provided the United States Department of Veterans Affairs ("VA") with prosthetic and orthotic services. See Complaint ("Compl.") at ¶ 3. According to Kenney Orthopedic it was

[1] For purposes of this partial motion to dismiss only, we treat as admitted the allegations of fact set forth in the complaint. We reserve the right to controvert any and all allegations in the complaint.

wrongfully terminated. See id. at ¶ 26. Specifically, Kenney Orthopedic alleges that the VA breached the contract by rejecting Kenney Orthopedic's bills for services rendered and by impermissibly requiring adherence to an amendment to the contract that it unilaterally imposed without Kenney Orthopedic's consent. See id. at ¶¶ 28-35. Kenney Orthopedic further claims that its ability to secure future contracts has been damaged and thwarted by the VA's intentional and tortious conduct. See id. at ¶¶ 36-42. Kenney Orthopedic also claims that the VA, in an effort to interfere with Kenney Orthopedic's current business relationships, knowingly and intentionally made false statements about the company, and that such statements caused extreme emotional distress. See id. at ¶¶ 43-48, 49-53.

## II. Statement Of Facts

In August 2006, the VA entered into a contract with Kenney Orthopedic for prosthetic and orthotic services. Compl. at ¶ 3. After several letters were exchanged between the VA and Kenney Orthopedic regarding its compliance with the contract, the VA terminated this contract on October 23, 2007 "for cause in its entirety." Id. at ¶¶ 4-26.

On January 2, 2008, Kenney Orthopedic filed a complaint, initiating this instant action. See Compl. In its complaint, Kenney Orthopedic advances the following claims: (1) breach of contract; (2) tortious interference with a prospective advantage; (3) tortious interference with a contractual advantage; and (4) intentional infliction of emotional distress. See id. In addition to demanding judgment in its favor, Kenney Orthopedic requests general, compensatory, and punitive damages, and fees and costs. See id.

## ARGUMENT

### A. Standard Of Review For Dismissal For Lack Of Subject Matter Jurisdiction

This Court's subject matter jurisdiction is strictly construed. See Fields v. United States, 53 Fed. Cl. 412, 415 (2002). The plaintiff has the burden of establishing jurisdiction. See Nutrite Corp. v. United States, 43 Fed. Cl. 297, 300 (1999). In ruling upon a motion to dismiss, this Court must construe the allegations of the complaint favorably to the pleader. See id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Moreover, the Court must presume that the undisputed factual allegations included in the complaint by a plaintiff are true. See id. (citations omitted).

### B. This Court Lacks Jurisdiction Over Plaintiff's Tort Claims

This Court lacks jurisdiction over Kenney Orthopedic's claims sounding in tort. The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir.2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). Pursuant to the Tucker Act, 28 U.S.C. § 1491 (2000), this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It is well-settled that the Tucker Act's jurisdictional grant does not extend to cases sounding in tort. See id.; see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Jentoft, 450 F.3d at 1349-50; Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007).

Kenney Orthopedic's tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotion distress

claims sound in tort. See Compl. at ¶¶ 28-53. In support of these claims, Kenney Orthopedic alleges that the VA knowingly and intentionally made false statements about the company in order to: (1) interfere with plaintiff's ability to obtain future contracts, id. at ¶ 38; (2) interfere with Kenney orthopedic's business relationships with the improper motive of damaging or destroying Kenney Orthopedic's contractual relations with former patients, id. at ¶ 46; and (3) cause the owner of Kenney Orthopedic substantial harm, id. at ¶ 50. These allegations clearly indicate that the essence of Kenney Orthopedic's claims at issue lie in tort. See Cottrell v. United States, 42 Fed. Cl. 144 (1998).

Claims that sound in tort are expressly excluded from the jurisdiction of this Court, and therefore Kenney Orthopedic cannot proceed with these claims in this Court. See, e.g., L'Enfant Plaza Properties, Inc. v. United States, 227 Ct. Cl. 1 (1981) (finding that plaintiff failed to show adequately a connection between the alleged wrongful misrepresentations and fraud and any contractual obligations owed to it and dismissing plaintiff's tort claims); Nutrite Corp., 43 Fed. Cl. 297 (1999) (dismissing plaintiff's tortious interference with contract relations because the claim sounded in tort, over which this Court lacks jurisdiction); Cottrell, 42 Fed. Cl. 144 (holding that this Court is without jurisdiction to hear claims of intentional infliction of emotional distress or negligent infliction of emotional distress because they squarely sound in tort). Accordingly, Counts II, III, and IV of plaintiff's complaint should be dismissed.

C. This Court Lacks Jurisdiction Over Plaintiff's Claim For Punitive Damages

In its complaint, Kenney Orthopedic has requested punitive damages for its tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotion distress claims. See Compl.

at ¶¶ 42, 48, & 53. However, this Court lacks authority to grant punitive damages. See Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (holding that it is well established that this Court lacks authority to grant punitive damages); Fields v. United States, 53 Fed. Cl. 412, 420 (2002) (dismissing plaintiff's claim for punitive damages because the United States Court of Federal Claims does not have jurisdiction to entertain such a claim). Accordingly, plaintiff's claim for punitive damages should also be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we respectfully request that our partial motion to dismiss be granted, and that plaintiff's claim for punitive damages, and Counts II, III, and IV of the complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-353-0897
202-307-0972 (Fax)

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 2nd day of May, 2008, a copy of the foregoing "DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jane C. Dempsey