IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNEY ORTHOPEDIC, LLC,<br>Plaintiff | ) | |
| v. | ) | No. 08-CV-0003 |
| THE UNITED STATES<br>Defendants | ) | |

PLAINTIFF'S RESPONSE TO PARTIAL MOTION TO DISMISS

Comes the Plaintiff, Kenney Orthopedic, LLC, by and through counsel, and for its Response to Defendant's Partial Motion to Dismiss, states as follows:

Defendant has filed its Motion seeking to dismiss Plaintiff's claims for Intentional Interference with a Prospective and Contractual Advantage and Intentional Infliction claims that arise out of the underlying contract between the parties, asserting that those claims sound in tort and, therefore, are not judicable in this tribunal. Defendant's Response ignores, however, the fact that Plaintiff's Complaint clearly, and unequivocally, asserts that the claims therein arise solely as a result of a contractual agreement between Plaintiff and the Defendant's agency.

As this Court is well aware, while the court generally does not have jurisdiction to hear claims sounding in tort, it ***does*** have such jurisdiction when the underlying claim "stems from a breach of contract." In Hall v. U.S., 69 Fed.Cl. 51 (2005), this Court held that tort claims asserted, that stemmed from the contractual agreement between the plaintiff and the

United States, were judicable in this Court. In rejecting the United States' Motion to Dismiss, this Court held that "where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the [United States] Court of Federal Claims." Id. at 57, *citing* Awad v. United States, 301 F.3d 1367, 1372 (Fed.Cir. 2002)(internal citations omitted). The Hall court concluded that "the court has jurisdiction over Plaintiff's claims for damages 'sounding in tort' that arise from the USDA's alleged breach of the Settlement Agreement."

More recently, in SGS-92-X003 v. United States, 74 Fed.Cl. 637 (2007), this Court rejected the Government's demand to dismiss claims sounding in negligence and tort, stating "while this Court lacks jurisdiction over tort claims, Plaintiff's complaint is framed as a breach of contract action, not a negligence or intentional tort action." Id. at 655. The SGS court, citing Bird & Sons, Inc. v. United States, 190 Ct.Cl. 426, 420 F.2d 1051, 1054 (1970), concluded that "where an alleged 'negligent' act constitutes a breach of a contractually created duty, the Tucker Act does not preclude relief... an action may be maintained in this court which arises primarily from a contractual undertaking regardless of the fact that the loss resulted from the negligent manner in which defendant performed the contract." Id. at 655. In Awad v. United States, 301 F.3d 1367 (Fed.Cir. 2002), the Court held that claims asserting false imprisonment, intentional infliction of emotional distress, and negligence, that arose as a result of an underlying contractual agreement between the party and the United States were within the jurisdiction of this Court. See also Aldridge v. United States; Holley v. United States, 124 F.3d 1462, 1466 (Fed.Cir.1997)("The presence of a

constitutional issue does not erase the jurisdiction of the Court of Federal Claims based on a properly brought claim").

In the case at bar, the totality of Plaintiff's Complaint clearly establishes that Plaintiff is seeking damages arising out of the contractual agreement between the parties. In fact, Plaintiff's Complaint herein was excruciatingly detailed, with a fact pattern that clearly and unequivocally established that the Plaintiff's allegations giving rise to its causes of action herein are directly related to the contractual agreement between the parties.

The Complaint starts out identifying the fact that Kenney Orthopedic LLC is a government contractor providing prosthetic and orthotic devices and services to the United States Government and to its veterans, ¶ 1, and asserts that the action is based upon "prosthetic and orthotic services provided to the United States Department of Veterans Affairs ("VA") by Kenney Orthopedic pursuant to Contract No.V249-P-0011." ¶3. In addressing the underlying breach of contract by the United States, and the intentional and/or negligent actions that gave rise to that breach, Kenney identified that the VA erroneously asserted that Kenney was "not complying with the terms and conditions of the contract." ¶4. Subsequent thereto, as identified in the Complaint, the VA falsely, and without any proper investigation, and without any factual basis, accused Kenney of "negligence in providing an appropriately fitting prosthesis ... on November 3, 2006" and accused Kenney of "alter[ing] prescriptions without having prior approval and written authority." ¶9. On August 29, 2007, the VA again engaged in blatantly false assertions designed to interfere with Kenney's ongoing contract with his patients, as provided for under the terms and conditions of the

parties' agreement, stating that "the Government considers your failure to comply with the ordering requirement required in your contract a condition that is endangering performance of the contract," and blindly asserting "blatant and willful violation of the contract terms," and purportedly "plac[ing] our veterans at high risk." ¶ 21. Importantly, however, the VA was unable to provide a ***single*** shred of evidence to support these wild accusations and bald assertions giving rise to the VA's breach of Plaintiff's contract, its intentional interference with Plaintiff's ongoing contractual relations with its patients, as well as with Plaintiff's potential patients by virtue of the service contract between Plaintiff and Defendant.

As further established in the Complaint, at that same time, the VA's actions were intentionally interfering with Kenney's ability to provide care and treatment to his patients inasmuch as the VA was improperly, subjectively, and negligently refusing to approve treatment for those patients that had already been designated as medically necessary, thereby creating a safety and health concern in addition to the intentional interference. ¶ 13-14. The Complaint also delineates the extensive efforts on the part of Kenney to get the VA to retract the blatantly false accusations and defamatory statements made regarding Kenney's purported noncompliance with the parties' contractual agreement. See, e.g., ¶ 6, 8, 11, 12, 13, 18, 20, 22, 24, 25, and 27. In fact, in Paragraph 25, Plaintiff clearly delineates that the VA's actions ***vis-a-vis the contractual agreement*** were intentionally interfering with Kenney's contractual relations with his patients, stating "[o]n October 4, 2007, counsel for Kenney Orthopedic communicated with the VA regarding the growing concerns over the ***VA's improper efforts to interfere with the proper course of treatment of VA patients***."

Emphasis added.

In fact, as demonstrated hereinabove, and as a brief review of the Complaint would reveal, each and every interaction between the Defendant and Plaintiff arises as a direct result of the contractual agreement between these parties, and the correspondence, allegations, and actions giving rise to each separate part of Plaintiff's Complaint result directly from the underlying contractual agreement. The claims at issue in this Motion, namely the Interference (both contractual and prospective), make clear reference to the fact that they rely, solely, on the factual background centered on the contract. The interference giving rise to Plaintiff's claims, in both Count II and Count III, pertains, directly, to Defendant's actions in interfering with the underlying contract, and intentionally interfering with the third-party contracts between the patients and Plaintiff that arise as a direct result of the service contract entered into between Plaintiff and Defendant.

After incorporating, by reference, the factual background which is partially set forth hereinabove, [see ¶ 36 and ¶43], these Claims assert that the actions taken by the United States interfered with Kenney's ability to obtain future contracts and to maintain existing contracts, as a direct result of the termination of Kenney's contract with the VA through use of false allegations and a lack of proper investigation. See ¶37-38; ¶46. The false allegations giving rise to these claims are identified in the factual background and, as explained hereinabove, ***clearly*** result from the underlying contract between the parties. As such, while Defendant's actions may well be a tort, and the actions taken by the Defendant failed to comport with the constitution, failed to afford Plaintiff due process, and constituted an

improper takings under the law, and while Plaintiff's Complaint identifies that these actions were negligent and intentional in nature, each such claim stems from the underlying contractual agreement between the parties, and as set forth in Hall, supra, SGS, supra, and Holley, supra, are not subject to dismissal for lack of jurisdiction.

With regard to the Intentional Infliction of Emotional Distress [IIED] claim, while this Court is not able to grant relief pertaining to emotional damages, it can provide relief for psychological and physical damages resulting from the underlying breach of contract. See, SGS, supra (addressing the viability of psychological damage claims arising from a contract claim). As explained in Bird & Sons, Inc. v. United States, 190 Ct.Cl. 426, 420 F.2d 1051, 1054 (1970), "where an alleged 'negligent' act constitutes a breach of a contractually created duty, the Tucker Act does not preclude relief... an action may be maintained in this court which arises primarily from a contractual undertaking regardless of the fact that the loss resulted from the negligent manner in which defendant performed the contract." The IIED Count seeks recovery arising as a direct result of the Defendant's actions in violating the express terms and conditions of the parties' contractual agreement. While the damages that can be afforded Plaintiff may well be limited to only certain types of recovery, the Defendant's blanket Motion to Dismiss all of the claims, in their entirety, is without basis, inasmuch as the claims stem directly from the contract, and are judicable in this Court.

Finally, Plaintiff's reference to punitive damages in the three Counts at issue was erroneous and, to the extent that such reference is made, Plaintiff hereby withdraws any demand for recovery from this Court for punitive damages.

WHEREFORE, Defendant's Partial Motion to Dismiss [DE #10] should be OVERRULED to the extent that it attempts to limit Plaintiff's ability to recover for damages attendant to the improper actions of the Defendant related to the underlying contract. While it is clear that the types of damages that can be recovered are limited in scope, other than the limited section of Defendant's Motion addressing punitive damages, Defendant fails, entirely, to address how these claims, which clearly stem from the underlying contract, fall outside of the jurisdiction of this Court. Accordingly, Defendant's effort to dismiss, *in toto*, Plaintiff's claims for interference with contractual and prospective relations, and IIED, must be OVERRULED in its entirety.

MORRIS & MORRIS, P.S.C.

By: *__/s/ James M. Morris__*
James M. Morris (Ky. 85709; Oh. 0076161)
217 North Upper Street
P. O. Box 394
Lexington, Kentucky 40588-0394
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was filed electronically on this the 2nd day of July, 2008. Pursuant to the Rules of the United States Court of Federal Claims, service of this filing upon the following counsel of record will be made by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties may access the filing through the Court's electronic filing system:

Jeffrey S. Bucholtz, Esq.
Jeanne E. Davidson
Martin F. Hockey, Jr., Esq.
Jane C. Dempsey, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit 8th Floor
1100 L. St., NW
Washington, D.C. 20530
ATTORNEYS FOR DEFENDANT

*/s/ James M. Morris*
ATTORNEY FOR PLAINTIFF

M:\EMPLOY\KENNEY\Dismiss.Response.wpd