IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNEY ORTHOPEDIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-0003C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION
TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully submits the following reply to the opposition to our partial motion to dismiss for lack of jurisdiction filed by plaintiff, Kenney Orthopedic, LLC ("Kenney Orthopedic").

Briefly, this case involves a contract under which Kenney Orthopedic provided the United States Department of Veterans Affairs ("VA") with prosthetic and orthotic services. See Complaint ("Compl.") at ¶ 3. In its complaint, Kenney Orthopedic alleges that the VA breached the contract by rejecting Kenney Orthopedic's bills for services rendered and by impermissibly requiring adherence to an amendment to the contract that it unilaterally imposed without Kenney Orthopedic's consent. See id. at ¶¶ 28-35. Kenney Orthopedic further claims that its ability to secure future contracts has been damaged and thwarted by the VA's intentional and tortious conduct. See id. at ¶¶ 36-42. Kenney Orthopedic claims that the VA, in an effort to interfere with Kenney Orthopedic's current and future business relationships, knowingly and intentionally made false statements about the company, and that such statements caused extreme emotional

distress. See id. at ¶¶ 43-48, 49-53.

ARGUMENT

A. This Court Lacks Jurisdiction Over Plaintiff's Tort Claims

This Court lacks jurisdiction over Kenney Orthopedic's tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotional distress claims because they sound in tort. See Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir.2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). Moreover, any damages related to these claims are remote and consequential, speculative, and therefore not recoverable. See H.H.O., Inc. v. United States, 7 Cl. Ct. 703, 706 (1985), Olin Jones Sand Co. v. United States, 225 Cl. Ct. 741, 744 (1980). However, in its response, Kenney Orthopedic maintains that this Court has jurisdiction to hear its claims because they stem from a breach of contract and that the complaint establishes that it is seeking damages arising out of a contractual agreement between the parties. See Pl.'s Response. Kenney Orthopedic's arguments are baseless and should be rejected.

1. Plaintiff's Tortious Interference With A Prospective Advantage, Tortious Interference With A Contractual Advantage, And Intentional Infliction Of Emotion Distress Claims Sound In Tort

Plaintiff's tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotional distress claims are squarely grounded in tort and are clearly independent from the VA's contractual obligations. It is well established that this Court "lacks jurisdiction over any and every kind of tort claim." Marshall Kenneth Flowers v. United States, 80 Fed. Cl. 201, 214 (2008) (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)). Whether an

action sounds in tort is determined by the substance of the pleadings. See Newby v. United States, 57 Fed. Cl. (2003). This Court has jurisdiction over claims which, although perhaps somewhat "tortious" in nature, are essentially based upon the breach of a contractual obligation. See H.H.O., Inc., 7 Ct. Cl. at 706. However, in order for this Court to have jurisdiction over claims of this nature, there must be a direct connection between the Government's contractual obligations and the alleged tortious conduct. See id. It is not jurisdictionally sufficient if the alleged tortious conduct is merely "related" in some general sense to the contractual relationship between the parties. See id.; see also Aleutico Corp. v. United States, 244 F.2d 674, 678 (3d Cir. 1957) (holding that the mere fact that the claimant and the United States were in a contractual relationship does not convert an otherwise tortious claim into a contract claim). Additionally, damages that are only remotely or consequently caused by the alleged breach cannot be recovered. See H.H.O., Inc., 7 Ct. Cl. at 707.

H.H.O., Inc. is instructive. In that case, this Court dealt with similar tort claims as those alleged in Kenney Orthopedic's complaint. Plaintiff, a construction company, had brought a contract action against the United States. Id. at 705. Its claims arose from a breach of contract and from the contracting officer's actions, which involved the contracting officer writing a letter that criticized plaintiff's work under a road construction contract, and was forwarded to plaintiff's bonding company. See id. This Court held that it had jurisdiction to hear plaintiff's contract claims, but did not have jurisdiction to hear claims that were grounded in tort. See id. at 708. Specifically, the Court found that it lacked jurisdiction to hear claims characterized as either "defamation of reputation" or "breach of contract conditions to properly inspect job and administer

contract in good faith, to cooperate and to not interfere with Plaintiff's performance by creating problems with Plaintiff's bonding company." The Court held that (1) plaintiff's defamation and tortious interference claims were grounded in tort, and (2) the damages "must be considered to have been only remotely or consequently caused by the Government's alleged breach of the plaintiff's contract, and thus cannot be recovered as a matter of law." Id. The Court further determined that losses on contracts other than the present contract were merely consequential because there was no assurance that the plaintiff would have been awarded any contracts in question had bonding been available. Id. (holding that receipt or non-receipt of future contracts is both speculative in nature and dependent upon many factors not related to bonding).

Similarly, Kenney Orthopedic fails to show a direct connection between the alleged tortious conduct, specifically, tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotional distress claims, and any contractual obligations between the parties. "It is not sufficient to argue, as plaintiff does, that the alleged tortious conduct is 'related' in some general sense to the contractual relationship between the parties." See, e.g., L'Enfant Plaza Properties, Inc. v. United States, 227 Ct. Cl. 1 (1981) (finding that plaintiff failed to show adequately a connection between the alleged wrongful misrepresentations and fraud and any contractual obligations owed to it and dismissing plaintiff's tort claims). The allegations supporting Kenney Orthopedic's breach of contract claim deal with the VA's alleged rejection of Kenney Orthopedic's bills for services rendered and by its alleged requirement of adherence to an amendment to the contract that it unilaterally imposed without Kenney Orthopedic's consent. Compl. at ¶¶ 28-35. Alternatively, the

allegations supporting Kenney Orthopedic's tort claims are separate and distinct from the contractual obligations, and instead deal with intentional and wrongful conduct based upon the VA knowingly and intentionally making false statements about the company. Compl. at ¶¶ 36-42, 43-48, 49-53. These allegations clearly indicate that the essence of Kenney Orthopedic's claims at issue lie in tort. See Cottrell, 42 Fed. Cl. 144.

Even in its response to the defendant's partial motion to dismiss, other than its general assertion that "the totality of Plaintiff's Complaint clearly establishes that Plaintiff is seeking damages arising out of the contractual agreement between the parties," Pl.'s Response at 3, the only specific supporting allegations of its tort claims that Kenney Orthopedic identifies deal with the VA's alleged false accusations regarding Kenney Orthopedic. It uses terms such as "blatantly false assertions," "wild accusations," and "defamatory statements." Pl.'s Response at 3-5. Allegations such as these that arise out of alleged wrongful conduct of officials in the course of discharging official duties, as opposed to the Government's breach of a contract, are claims sounding in tort. Newby v. United States, 57 Fed. Cl. 283 (2003) (determining that the causes of action described by the plaintiff as a breach of fiduciary duty and a violation of the parties' supposed relationship of trust and confidence appear to the court to allege tortious behavior by government officials and dismissing the complaint); see also Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir. 1988); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979); Curry v. United States, 609 F.2d 980, 982-83 (Ct. Cl. 1979).

2. Any Damages Related To Plaintiff's Tort Claims Are Consequential And Remote, Speculative, And Not Recoverable

Additionally, any damages related to plaintiff's tortious interference with a prospective advantage, tortious interference with a contractual advantage, and intentional infliction of emotion distress claims are "consequential" in nature and speculative, and thus not recoverable under a contract theory. See H.H.O., Inc., 7 Cl. Ct. at 707-708, Olin Jones Sand Co., 225 Ct. Cl. 744. Damages that are only remotely or consequentially caused by the Government's alleged breach of the plaintiff's contract cannot be recovered as a matter of law. H.H.O., Inc., 7 Cl. Ct. at 708.

In this case, Kenney Orthopedic had a service contract with the Government under which it provided prosthetic and orthotic devices and services to veterans. Compl. at Exhibit A. Therefore, each veteran could choose amongst a number of providers, including Kenney Orthopedic, for his or her provision of prosthetic and orthotic devices and services. Consequently, it was not guaranteed that Kenney Orthopedic would be the service provider for any veteran at any time. Therefore any damages stemming from plaintiff's tortious interference with a contractual advantage are consequential, speculative, and not recoverable. See Lucas v. United States, 25 Cl. Ct. 298, 310 (1992) (holding that damages for harm to business reputation and loss of future profits are not recoverable because they are too remote, consequential, and speculative).

Moreover, damages stemming from Kenney Orthopedic's tortious interference with a prospective advantage is "both speculative in nature and dependent on many factors. . . ." Olin Jones Sand Co., 225 Ct. Cl. at 744. Even if the Government had not committed the alleged tortious conduct, "there is no assurance that plaintiff would have

received any additional contracts or work." Id. Such damages are too remote and indirect to be recoverable. See id.

Finally, damages stemming from plaintiff's intentional infliction of emotional distress claim are too speculative as a matter of law. Pratt v. United States, 50 Fed. Cl. 469, 482 (2001). Therefore, this Court lacks jurisdiction to award plaintiff's prayer for damages for emotional distress and pain and suffering. Id. Accordingly, Counts II, III, and IV of plaintiff's complaint should be dismissed.

B. This Court Lacks Jurisdiction Over Plaintiff's Claim For Punitive Damages

As plaintiff concedes in its response, Pl.'s Response at 6, plaintiff's claim for punitive damages should also be dismissed for lack of jurisdiction. See Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (holding that it is well established that this Court lacks authority to grant punitive damages); Fields v. United States, 53 Fed. Cl. 412, 420 (2002) (dismissing plaintiff's claim for punitive damages because the United States Court of Federal Claims does not have jurisdiction to entertain such a claim).

CONCLUSION

For the foregoing reasons, we respectfully request that our partial motion to dismiss be granted, and that plaintiff's claim for punitive damages, and Counts II, III, and IV of the complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-353-0897
202-307-0972 (Fax)

July 21, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 21st day of July, 2008, a copy of the foregoing “DEFENDANT’S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

/s/Jane C. Dempsey