IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNEY ORTHOPEDIC, LLC, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08-CV-0003 |
| | ) | |
| THE UNITED STATES | ) | |
| Defendants | ) | |
| | ) | |

PLAINTIFF'S RESPONSE TO COURT INQUIRY
REGARDING CERTIFICATION OF CLAIM

Comes the Plaintiff, Kenney Orthopedic, LLC, by and through counsel, and for its Response to the Court's July 28, 2008 inquiry pertaining to whether Plaintiff issued a certification of his claim, states that no such certification was made. However, Plaintiff also submits that, based upon the posture of the within matter, no such certification was possible, given the actions taken by the Contracting Officer and the Defendant. In support, Plaintiff states that the within matter is presented, as demonstrated in Exhibit "W," as an improper termination of contract by the Defendant, rather than a simple demand for payment under a contract for goods or other easily quantifiable claim where a party would, in fact, issue a demand to the Contracting Officer and include the appropriate certification as envisioned under the Contract Disputes Act, 41 U.S.C. § 601, *et seq*.

In the case at bar, however, the Contracting Officer disallowed a proper, orderly, handling of the within matter, electing, for whatever reason, to immediately issue a "final decision," attached to the Complaint as Exhibit "W." Because of the Government's

unilateral decision to terminate the contract, to breach the terms of the agreement reached between the parties, and to issue the requisite appeal rights language, as required under FAR 33.211(a)(4), without ever advising that the matter was being handled as a "claim," Plaintiff was simply never allowed to submit any evidence to the Contracting Officer in support of a claim, and was never allowed to defend against the false assertions that ultimately led to the improper termination of the underlying contract. As such, the Contracting Officer's actions effectively precluded any ability by the Plaintiff to submit any claim, much less provide a certification of his claim, before the "final decision" was rendered and he was notified of his right to seek redress in this tribunal.

MORRIS & MORRIS, P.S.C.

By: */s/ James M. Morris*
James M. Morris (Ky. 85709; Oh. 0076161)
217 North Upper Street
P. O. Box 394
Lexington, Kentucky 40588-0394
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was filed electronically on this the 2nd day of July, 2008. Pursuant to the Rules of the United States Court of Federal Claims, service of this filing upon the following counsel of record will be made by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties may access the filing through the Court's electronic filing system:

Jeffrey S. Bucholtz, Esq.
Jeanne E. Davidson
Martin F. Hockey, Jr., Esq.
Jane C. Dempsey, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit 8th Floor
1100 L. St., NW
Washington, D.C. 20530
ATTORNEYS FOR DEFENDANT

*/s/ James M. Morris*
ATTORNEY FOR PLAINTIFF

M:\EMPLOY\KENNEY\Certification.Response.wpd